NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERYDA PERUCH-XOCOY, *et ano.*,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    15-73922<br><br>Agency Nos.    A206-835-004<br>A206-835-005<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022**
San Francisco, California

Before: GRABER and WARDLAW, Circuit Judges, and BAKER,*** International Trade Judge.

Neryda Peruch-Xocoy, a native and citizen of Guatemala of indigenous descent, petitions on behalf of herself and her minor daughter for review of a Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Immigration Appeals (BIA) decision dismissing their appeal from the order of an Immigration Judge (IJ) denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

We "review the BIA's denials of asylum, withholding of removal, and CAT relief for 'substantial evidence'" and will reverse only if the evidence *compels* a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Where, as here, the BIA relies on the IJ's opinion as a statement of reasons but does not simply rubber-stamp it, we look to the IJ's decision as the underlying support for the Board's ruling. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

1. Substantial evidence supports the finding that the harm Peruch-Xocoy suffered, while harassing, discriminatory, and offensive, did not rise to the level of persecution. Peruch-Xocoy was insulted for wearing indigenous clothing, was called an Indian, was pushed while riding the bus, and had difficulty finding a better job. "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the [Immigration and Nationality] Act." *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). Moreover, persecution "is an extreme concept that means something considerably more than discrimination or

---

[1] The minor daughter is a party to this case as a derivative applicant for asylum. Because her identity is not relevant to this analysis, we do not mention her by name.

harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (cleaned up). "This means that some circumstances that cause petitioners physical discomfort or loss of liberty do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Id.* (cleaned up). Peruch-Xocoy testified that she was "humiliated" but admitted that she suffered no harm in Guatemala beyond being pushed while riding the bus.

2. The BIA permissibly concluded that Peruch-Xocoy did not establish an objectively reasonable fear of persecution if she returns to Guatemala in view of her testimony that similarly-situated members of her family have remained in that country without suffering similar harm. Two of her sisters are employed (one attended a university and the other graduated from high school); her cousins also attended a university and were able to obtain better jobs; and all of these relatives are indigenous people like Peruch-Xocoy. Although Peruch-Xocoy's testimony *could* support a finding that Guatemalan employers favor people who do not wear indigenous dress, her testimony (including the facts that she completed only elementary and secretarial school and that one employer stated she lacked sufficient education) could *also* support the IJ's finding that her lack of success in job-hunting was due to her having received less of an education than her relatives. If reasonable minds can differ as to what evidence shows, then the record does not compel a particular conclusion. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

3

3. Finally, substantial evidence supports the denial of CAT relief. There is no evidence that Peruch-Xocoy experienced "severe pain or suffering" sanctioned by a public official. 8 C.F.R. § 1208.18(a)(1). Moreover, substantial evidence supports the conclusion that Peruch-Xocoy failed to show that any torture would have been "inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Id.* Although she testified that she never asked the police for help with being pushed on the bus because the police would not help "in those situations," the record contains no evidence that the police would turn a blind eye to torture. Nor does the country-conditions evidence referencing "discriminatory police services" compel the conclusion that the police would acquiesce in torture.

**PETITION DENIED.**